FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 1 8 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNDER SEAL,<br><br>        Plaintiff,<br><br>v.<br><br>UNDER SEAL,<br><br>        Defendant. | Case No.<br><br>16 CV 1148 CG/KK<br><br>**COMPLAINT**<br><br>False Claims Act, 31 U.S.C. § 3729, *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. 3730** |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES *ex rel.* JACOB KURIYAN, and on behalf of the STATE OF NEW MEXICO,<br><br>          Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICES CORPORATION, MOLINA HEALTHCARE OF NEW MEXICO, INC., PRESBYTERIAN HEALTH PLAN, INC., and UNITEDHEALTHCARE OF NEW MEXICO, INC.,<br>Defendants. | Case No.<br><br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. 3730** |

1310374.1

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES | 2 |
| IV. | FACTUAL ALLEGATIONS | 3 |
| V. | CAUSES OF ACTION | 6 |
| VI. | PRAYER FOR RELIEF | 7 |
| VII. | JURY DEMAND | 9 |

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES | 2 |
| IV. | FACTUAL ALLEGATIONS | 3 |
| V. | CAUSES OF ACTION | 6 |
| VI. | PRAYER FOR RELIEF | 7 |
| VII. | JURY DEMAND | 9 |

## I. INTRODUCTION

1. This is an action brought by *Qui Tam* Plaintiff and Relator Jacob Kuriyan, Ph.D., on behalf of the United States and the State of New Mexico to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("the FCA" or "the Act"), and the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-7(B) ("NMMFCA").

2. This case involves Medicaid funds that the defendant Medicaid Managed Care Organizations ("MCOs") have likely failed to pay back to New Mexico, and thus the United States which supplies a significant portion of those funds, as required by their contracts' medical expense ratio ("MER") provisions (more commonly known in the industry as medical loss ratio ("MLR") provisions). The MER provisions mandate that 85% of premiums be used for direct medical expenses; if this ratio falls below 85%, then the difference must be returned to the government.

3. Having analyzed the relevant State Medicaid data for 2014, Relator has concluded, on information and belief, that the MCOs did not meet the 85% MER threshold. The total refund owed by all four Defendants could equal as much as $248 million, just for 2014.

## II. JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, and supplemental jurisdiction over the state claim under 28 U.S.C. § 1367.

5. There has been no public disclosure within the meaning of § 3730(e)(4)(A) of the allegations Relator is asserting, and Relator is an original source. Relator has direct and independent knowledge of the allegations contained herein.

6. This Court has personal jurisdiction and venue over Defendants pursuant to 28 U.S.C § 1391(b) and 31 U.S.C § 3732(a) because that section authorizes nationwide service of process and because Defendants have minimum contacts with the United States.

7. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants are headquartered in this District, and/or Defendants have regularly conducted substantial business within the District at all relevant times.

### III. PARTIES

8. Relator Jacob Kuriyan, Ph.D. is a theoretical physicist by training, was a member of the Institute for Advanced Study in Princeton and later a faculty member at the Departments of Physics and Meteorology at UCLA,, and has since worked on health care analytics and economics for over thirty years through two consulting companies he founded over that time period.

9. Defendant Health Care Services Corporation ("HCSC") is an Illinois corporation, with a division in New Mexico named Blue Cross and Blue Shield of New Mexico. HCSC and its New Mexico division are collectively referred to as "BCBSNM."

10. Defendant Molina Healthcare of New Mexico, Inc. is a New Mexico corporation with its headquarters in Albuquerque.

11. Defendant Presbyterian Health Plan, Inc. is a New Mexico corporation with its headquarters in Albuquerque.

12. Defendant UnitedHealthcare of New Mexico, Inc. is a New Mexico corporation with its headquarters in Albuquerque.

1310374.1

- 3 -

## IV. FACTUAL ALLEGATIONS

13. Defendants own and operate Medicaid Managed Care Organizations that provide healthcare for New Mexico's Medicaid enrollees in exchange for fixed, capitated payments from New Mexico.

14. The State's contracts with MCOs include medical expense ratio (MER) provisions, which read as follows: "The CONTRACTOR shall spend no less than eighty-five percent (85%) of net Medicaid line of business Net Capitation Revenue, defined in Section [7.2.2] of this Agreement, on direct medical expenses defined in Section [7.2.2] of this Agreement on an annual basis. [The State] reserves the right, in accordance with and subject to the terms of this Agreement to reduce or increase the minimum allowable for direct medical services over the term of this Agreement, provided that any such change (i) shall only apply prospectively, (ii) exclude any retroactive increase to allowable direct medical services and (iii) shall comply with federal and State law." BCBSNM Contract at 186 (¶ 7.2.7).

15. Should the MCO, referred to in the contract as Contractor, fail to meet the 85% MER threshold, it must remit the balance to the State, or otherwise comply with the State's instructions on the overpayment. BCBSNM Contract at 189 (¶ 7.2.10) ("To the extent that CONTRACTOR fails to meet the requirements set forth herein, [the State] shall, at the time it issues its final calculation, advise CONTRACTOR of this deficiency and require CONTRACTOR to remit the overpayment to [the State], or its designee, or otherwise advise CONTRACTOR as to how the overpayment shall be treated for purposes of compliance with this Section.").

16. The components of the MER ratio are straightforward. The denominator is "Net Capitation Revenue," defined as "Prospective capitation premium minus Premium Tax minus NMMIP Assessments paid during the annual period." BCBSNM Contract at 186 (¶ 7.2.2). The prospective capitation premium is reported in comprehensive data the MCOs supply privately to the State, and is summarized in Table 1, below. Taxes and assessments account for approximately 5% of the prospective capitation premium; thus, "net capitation revenue" is 95% of the prospective capitation premium.

17. The numerator is "Medical Expense (net of reinsurance) and care coordination expenses outlined in Section [7.2.9] of this Agreement incurred during the annual period," as well as any other specific costs identified in the contract. The numerator includes the following components:

    a. Medical expenses (BCBSNM Contract at §§ 7.2.2 and 7.2.9). Relator is able to calculate this figure based on the MCOs' data by adding medical and pharmacy costs.

    b. Patient-Centered Medical Home Initiative (PCMH) (BCBSNM Contract at §§ 4.13.1 and 4.13.1.5). The State delayed implementation of this initiative, and thus MCOs could not have had any expenses associated with it in 2014.

    c. Care Coordination Expense (BCBSNM Contract at §§ 4.5.10.2., 7.2.2 and 7.2.9). The total care coordination expense in 2014 across all MCOs was $100,000,000. The table below distributes this sum to the four MCOs *pro rata* based on total capitation premium.

18. Further, the contract expressly excludes over 30 categories of costs from the numerator by deeming them administrative costs. BCBSNM Contract at § 7.2.8. And, it

requires that the numerator be reduced by the value of any subrogation recoveries. BCBSNM Contract at § 4.18.13.10.

19. With each of these major components accounted for as discussed above, and summarized in Table 1 below, it is clear the MCOs could not have reached the required MER of 85%.

**Table 1: MER Calculation (2014)**

| MCO | Capitation Premium($) | Net Capitation Premium | Medical Cost($) | Pharmacy Cost($) | Care Coordination | PCMH | MLR |
|---|---|---|---|---|---|---|---|
| BCBS | $673,907,821 | $640,212,430 | $447,655,582 | $55,810,725 | $18,482,702 | 0 | 0.815 |
| United | $866,851,483 | $823,508,909 | $604,547,366 | $37,532,059 | $23,774,405 | 0 | 0.809 |
| Molina | $1,098,709,268 | $1,043,773,805 | $696,840,155 | $88,056,738 | $30,133,374 | 0 | 0.781 |
| Presbyterian | $1,006,685,625 | $956,351,344 | $586,400,099 | $79,042,746 | $27,609,519 | 0 | 0.725 |
| Total | $3,646,154,197 | $3,463,846,487 | $2,335,443,202 | $260,442,268 | $100,000,000 | 0 | 0.778 |

20. Thus, only 77.8% of the MCOs net capitation premium went towards "direct medical expenses," which is 7.2% less than the minimum MER. As such, the Defendants together owed a large refund to the government, equal to 7.2% of net revenue from the State, or approximately $248 million. However, on information and belief, none of the MCOs has remitted payments to the government pursuant to the contractual MER provisions.

21. United, Molina, and Presbyterian report Medicaid-specific costs in their profit and loss (P&L) statements. While not directly translatable to the MER calculations, the P&L statements largely corroborate Relator's analysis in Table 1, in that they reflect roughly similar premiums, medical costs, and pharmacy costs.

22. Furthermore, the State may be denied rebates in 2015 and onward. The general trend is for capitated payments to increase year over year. Having not received any rebate in

1310374.1

2014, the State may have been persuaded to allow any such increases to go through, or to otherwise keep its capitated premiums at high levels for 2015. However, assuming that the patient population remained roughly equivalent in terms of acuity, it is reasonable to expect that the capitated premiums would have once again been excessive, and thus that MCOs will owe MER rebates for 2015, and potentially subsequent years, in addition to 2014.

## V. CAUSES OF ACTION

### COUNT I

### False Claims Act, 31 U.S.C. § 3729, *et seq.*
### (Against All Defendants)

23. Relators incorporate by reference the preceding paragraphs of the Complaint as though fully set forth herein.

24. This is a civil action brought by Relators, on behalf of the United States of America against Defendants under the False Claims Act, 31 U.S.C. §3730(b)(1).

25. Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using, or causing to be made or used, false records or statements material to obligations to pay or transmit money or property to the Government under the Medicaid program, in violation of 31 U.S.C. § 3729(a)(1)(G).

26. Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, concealed or improperly avoided or decreased, and may still be concealing or improperly avoiding or decreasing, obligations to pay or transmit money or property to the United States Government under the Medicaid program, in violation of 31 U.S.C. § 3729(a)(1)(G).

27. The United States, unaware of the falsity of the claims and/or statements made or caused to be made by Defendants, and in reliance on the accuracy of these claims and/or statements, paid, and may continue to pay, for medical care and related management services for recipients of Medicaid health insurance programs, and may receive less than the total amount of funds owed to it by Defendants.

28. As a result of Defendants' actions as set forth above, the United States has been, and may continue to be, severely damaged.

## COUNT II

### New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-1, et seq.
(Against All Defendants)

29. This is a civil action brought by Relator on behalf of the State of New Mexico against Defendants under the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-7(B) ("NMMFCA").

30. Defendants, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the falsity of the information, made, used, or caused to be made or used, and may still be making, using or causing to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the State of New Mexico or one of its political subdivisions, relative to the Medicaid program, in violation of N.M. Stat. Ann. § 27-14-4(E).

31. As a result of Defendants' actions as set forth above, New Mexico has been, and may continue to be, severely damaged.

VI. **PRAYER FOR RELIEF**

WHEREFORE, Relator prays for judgment against Defendants as follows:

1310374.1

A. That Defendants be ordered to cease and desist from submitting any more false claims, or further violating the FCA and the NMMFCA;

B. That judgment be entered in the United States of America's favor and against Defendant in the amount of each and every false or fraudulent claim or retention of funds, multiplied as provided for in 31 U.S.C. § 3729(a)(1) and 42 U.S.C. § 18033(a)(6)(B), plus a civil penalty of not less $5,500 or more than $11,000 per claim or violation as provided by 31 U.S.C. § 3729(a)(1), as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990, to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the various schemes undertaken by Defendant, together with penalties for specific claims to be identified at trial after full discovery;

C. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

D. That judgment be entered in the State of New Mexico's favor and against Defendants in the amount of each and every false or fraudulent claim, multiplied as provided for in the NMMFCA, plus a civil penalty as provided in the NMMFCA;

E. That Defendants be ordered to disgorge all sums by which they have been enriched unjustly by their wrongful conduct;

F. That judgment be granted for Relator against Defendants for all costs, including, but not limited to, court costs, litigation costs, expert fees, and all attorneys' fees incurred by Relator in the prosecution of this suit; and

G. That Relator be granted such other and further relief as the Court deems just and proper.

1310374.1

## VII.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Relator demands a jury trial for all claims and issues so triable.

Dated: October 18, 2016

Respectfully submitted,

By: _____
Bryan J. Davis

Bryan J. Davis, Esq.
DAVIS & GILCHRIST, P.C.
1005 Marquette Avenue NW
Albuquerque, NM 87102
Telephone: (505) 435-9908
Facsimile: (505) 435-9909

Robert J. Nelson (State Bar No. 132797)
Robert L. Lieff (State Bar No. 037568)
Nimish R. Desai (CA 244953)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiff-Relator*

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES ex rel. JACOB KURIYAN, and on behalf of the STATE OF NEW MEXICO

## DEFENDANTS
HEALTH CARE SERVICES CORPORATION, MOLINA HEALTHCARE OF NEW MEXICO, INC., PRESBYTERIAN HEALTH PLAN INC., and UNITEDHEALTHCARE OF NEW MEXICO, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bryan J. Davis, DAVIS & GILCHRIST, P.C., 1005 Marquette Ave. NW, Albuquerque, NM 87102, (505) 435-9908

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal False Claims Act, 31 USC 3729, et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD at Trial

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/17/2016

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____