IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and
STATE OF NEW MEXICO *ex rel.*
JACOB KURIYAN,

    Plaintiffs,

v.                                  Civ. No. 16-1148 JAP/KK

MOLINA HEALTHCARE OF NEW
MEXICO, INC. *et al.*,

    Defendants.

## ORDER GRANTING IN PART THE UNITED STATES' UNOPPOSED MOTION TO FILE DISCLOSURE STATEMENT UNDER SEAL

THIS MATTER is before the Court on the United States of America's Unopposed Motion to File Relator's Disclosure Statement Under Seal (Doc. 147), filed December 11, 2020. The Court, having reviewed the motion and having noted that it is unopposed, FINDS that the motion is well taken in part and is hereby GRANTED IN PART and DENIED IN PART as follows.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citations and quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302. "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).[1] The district court must also "consider whether selectively redacting just the . . . sensitive, and previously undisclosed, information from the sealed . . . documents and then unsealing the rest" would adequately protect the privacy interests of the party seeking to seal court documents. *Pickard*, 733 F.3d at 1304. The fact that information has "already been made public" will undermine a party's privacy concerns. *Id.* at 1305 (citing *Mann*, 477 F.3d at 1149).

In the instant case, the United States seeks leave to file "Relator's Disclosure Statement with all attachments" under seal. (Doc. 147 at 1.) According to the United States, these documents are "directly relevant to Defendants' Motion to Dismiss and [are] referenced in Relator's Complaint and in the Government's Statement of Interest." (*Id.* at 2.) The sole basis the United States proffers for sealing the documents at issue is that "many courts (though none in the Tenth Circuit) have held that the Disclosure Statement is protected by the attorney work product or possibly some other privileges," and thus the Court should seal the documents "to preserve any privilege that Relator may have in connection with [them]." (*Id.* at 2-3.)

The foregoing proffer clearly fails to satisfy the parties' burden to show a significant interest that heavily outweighs the public's strong, presumptive right of access to the Disclosure Statement and attachments, which the Court will likely consider in adjudicating the parties'

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

substantive legal rights. Further, the United States does not appear to have considered whether redaction of any sensitive and previously undisclosed information in these documents would sufficiently protect whatever privilege might apply to their contents. The Court therefore finds that the United States has failed to justify permanently sealing the Disclosure Statement and all attachments thereto.

However, to preserve any valid claim of privilege that Relator may have, the Court will allow the United States to *temporarily* file the documents in question as separate sealed exhibits to its Statement of Interest (Doc. 148). Within fourteen (14) days of entry of this Order, the parties are directed to confer and attempt to agree upon appropriate redactions, if any, to the documents temporarily filed under seal pursuant to this Order. The parties should make these redactions in light of the law discussed herein. Such redactions should be no more extensive than necessary to preserve Relator's valid claim(s) of privilege, if any. If the parties are able to agree upon such redactions, the United States shall re-file the documents in question unsealed and with the agreed-upon redactions. If the parties cannot agree upon appropriate redactions, any party may file a renewed, properly supported motion to permanently seal the documents. If neither redacted documents nor a renewed motion to seal are filed within thirty (30) days of entry of this Order, the Court will unseal the documents.

IT IS THEREFORE ORDERED that the United States may file Relator's Disclosure Statement and all attachments thereto under seal as separate exhibits to its Statement of Interest. These documents will be accessible only by the parties and the Court during the pendency of the seal.

IT IS FURTHER ORDERED that, within **fourteen (14) days** of entry of this Order, the parties shall confer and attempt to agree upon appropriate redactions to the documents temporarily

3

filed under seal pursuant to this Order. If the parties are able to agree upon such redactions, the United States shall re-file the documents unsealed and with the agreed-upon redactions. If the parties cannot agree upon appropriate redactions, any party may file a properly supported renewed motion to permanently seal the documents. As to each document temporarily filed under seal pursuant to this Order, if neither a redacted document nor a renewed motion to seal is filed within **thirty (30) days** of entry of this Order, the Court will unseal the document at issue.

        IT IS SO ORDERED.

        _____
        KIRTAN KHALSA
        UNITED STATES MAGISTRATE JUDGE