## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA ex rel.
Jacob Kuriyan;
STATE OF NEW MEXICO ex rel. Jacob
Kuriyan,

               Plaintiffs,                  CIVIL NO. 16-1148-JB-KK

vs.

HCSC INSURANCE SERVICES CO.,
D/B/A BLUE CROSS & BLUE SHIELD
OF NEW MEXICO et al.,

               Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on February 15,

2022, at 12:15 p.m. MST via Zoom and was attended by:

For Relator:

      Bryan Davis;

      Carla Lassabe; and

      Robert Lieff;

For Defendants:

      Steven D. Hamilton for HCSC Insurance Services Company ("HCSC");

      Steven Ragland for Molina Healthcare of New Mexico, Inc. ("Molina");

      Charles K. Purcell for Presbyterian Health Plan, Inc. ("PHP"); and

      Michael R. Hoernlein and Matthew E. Jackson for UnitedHealthcare of New Mexico, Inc.
      ("United").

## NATURE OF THE CASE

This is a *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* the New Mexico Fraud Against Taxpayers Act ("NMFATA"), N.M. Stat. Ann. §§ 44-9-1 *et seq.,* and the New Mexico Medicaid False Claims Act ("NMMFCA"), N.M. Stat. Ann. §§ 27-14-1 *et seq.,* brought by Relator against Defendants, on behalf of the United States and the State of New Mexico as the real parties in interest. Relator has alleged that Defendants violated the FCA, NMFATA, and NMMFCA by fraudulently retaining overpayments from the Medicaid program and falsely certifying their compliance with applicable laws. Defendants deny that they violated the FCA, NMFATA, or NMMFCA, deny that they received or fraudulently or otherwise improperly retained any Medicaid overpayments, and deny that they falsely certified their compliance with applicable laws.

Relator is pursuing a recovery from the United States and New Mexico for what the Relator claims is his share of the alternate remedy that he claims New Mexico secured from the Defendants.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Relator intends to file nothing at this time but reserves the right to amend or supplement Relator's Opposed Third Motion for Award from Alternate Remedy (Doc. 173).

Relator should be allowed until March 31, 2022, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file nothing at this time.

Defendants should be allowed until March 31, 2022, to move to amend the pleadings and until March 31, 2022, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District.

The parties further stipulate and agree that the law governing this case is the FCA, the NMFATA, and the NMMFCA.

## RELATOR'S CONTENTIONS

Relator asserts that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter. Defendants had a duty to return any overpayment of funds received from the New Mexico Human Services Department (NMHSD). Defendants knew or should have known there were overpayments and returned the funds to NMHSD within the time limits set forth in the FCA and NMFATA. Due to Relator's disclosure to NMHSD and NMLFC, NMHSD performed additional audits to recover the amounts of overpayments. Relator is entitled to his share of the recovery through the alternate remedy award.

## DEFENDANTS' CONTENTIONS

Defendants object to the United States District Court's subject matter jurisdiction in this matter on the basis that: (1) the Government has suffered no injury in fact; and (2) Relator admits that he seeks no damages from Defendants.[1] Defendants deny that they violated the FCA, NMFATA, or NMMFCA, deny that they received or fraudulently retained any Medicaid overpayments, and deny that they falsely certified compliance with applicable laws. The amounts that NMHSD recouped from Defendants for the 2014 contract year were the result of contractual risk-corridor and underwriting-gain reconciliations conducted in the ordinary course as required by the applicable contracts.  Those recoupments were not the result of any allegation or finding of fraud.  Nor were they result of overpayments that Defendants had an

---

[1] Defendants acknowledge that this Court has previously held that Relator's complaint sufficed to establish an injury, at least at the pleading stage. (ECF No. 140.) Accordingly, Defendants merely restate their objection to preserve it.

obligation to repay for purposes of the FCA, NMFATA, or NMMFCA, because such overpayments can only arise after the contractual reconciliation and recoupment process is completed. In any case, Relator has represented multiple times to Defendants and to the Court that he does not intend to pursue any recovery from Defendants or otherwise continue the litigation against Defendants once his alternate remedy dispute with the United States and New Mexico has been resolved.

## <u>PROVISIONAL DISCOVERY PLAN</u>

**<u>Relator's Position</u>**

Relator proposes to the Court the following discovery plan regarding the alternate-remedy relief he seeks:

Relator's Witnesses:

- Jared Nason, c/o counsel Wade M. Burgeson;

- 30(b)(6) corporate representative for Mercer, c/o counsel Derek MacKenzie;

- Jason Sanchez, c/o counsel Paul Ritzma;

- Sean Pearson, c/o counsel Paul Ritzma;

- Norma Lucero, c/o counsel Paul Ritzma;

    o This person was last known to be employed by NMHSD. Requests (January 24, 2022, to New Mexico and February 22, 2022, to New Mexico and NMHSD) have been made to confirm her continued employment but New Mexico or NMHSD have not responded.

- 30(b)(6) corporate representative for HSD, c/o counsel Paul Ritzma;

- Charles Sallee, c/o counsel Zachary Shandler;

- Nancy Smith-Leslie, former Medicaid Director at NMHSD;

o   Relator is seeking to confirm Smith-Leslie's last known address with NMHSD. Testimony is expected to include information concerning the meetings between NMHSD and Dr. Kuriyan, and the results of those meetings.

- Brent Earnest, former Cabinet Secretary at NMHSD;

   o   Relator is seeking to confirm Earnest's last known address with NMHSD. Testimony is expected to include information concerning the meetings between NMHSD and Dr. Kuriyan, and the results of those meetings.

- The person who signed the "Accounting Transaction Request" for HSD-ASD Accounting Bureau for United Healthcare with Norma Lucero, c/o counsel Paul Ritzma.;

   o   Relator requested this person's name from both New Mexico and NMHSD on February 23, 2022, but has not yet received a response.

Documents: The parties do not anticipate a trial. Therefore, Relator does not expect any documents to be exhibits at trial.

Expert Witnesses: Relator has not identified any expert witnesses.

Discovery will be needed on the following subjects: the facts relating to Relator's alternate remedy claim.

Relator expects to use the maximum of interrogatories permitted by the Federal Rules of Civil Procedure ("FRCP").

Relator expects to use the maximum numbers of requests for admission permitted by the FRCP.  Responses are due 30 days from receipt, with up to three days permitted for mailing.

Relator anticipates seeking the maximum number of depositions permitted under the FRCP. Each deposition is limited to a maximum of seven hours unless extended by agreement of parties.

The parties do not anticipate retaining any expert witnesses but reserve the right to do so.

Supplementation of responses and disclosure under Rule 26(e) due as required by Fed. R. Civ. P. 26.

All discovery commenced in time to be complete by 6/7/2022.

**Defendants' Position**

Relator has represented many times that he will not pursue further litigation against Defendants and has taken the position that he does not need to prove that Defendants committed fraud. In addition, Relator has represented that he will not take discovery from Defendants and agreed to a stay of discovery between Relator and the Defendants, which was entered on March 12, 2021 by Judge Khalsa (*see* Doc. 194) and remains in effect. Accordingly, Defendants' position is that discovery should not be directed at the validity of Relator's underlying claims against Defendants.

Defendants take no position on Relator's proposed discovery plan relating to the Government and his alternate-remedy claim, except to reserve the right to participate in discovery and litigation relating to the alternate-remedy dispute to the extent issues relating to the factual validity of Relator's underlying claims against Defendants are raised or Relator is required to show, in the context of his alternate-remedy claim, that Defendants engaged in fraudulent or other improper conduct. Upon the completion of Relator's proposed discovery plan relating to the Government and his alternate-remedy claim, and after the ensuing resolution of the alternate-remedy claim, if Relator does not dismiss this matter as to the Defendants as Relator has represented he will, Defendants will be prepared to address a lifting of the discovery stay between

Relator and Defendants, as well as a proposed discovery plan and schedule to address and resolve Relator's underlying claims against Defendants.[2]

## PRETRIAL MOTIONS

The parties do not anticipate a trial. The parties may file a motion for summary judgment as permitted under the FRCP.

## ESTIMATED TRIAL TIME

The parties do not anticipate a trial.

## SETTLEMENT

The possibility of settlement in this case is considered unlikely. The parties request a settlement conference in May of 2022.

## EXCEPTIONS

None.

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

*/s/ Carla Lassabe*
Carla Lassabe - For Relator

*/s/ Steven D. Hamilton*
Steven D. Hamilton - For Defendant HCSC

*/s/ Steven Ragland*
Steven Ragland - For Defendant Molina

*/s/ Winston Y. Chan*
Winston Y. Chan - For Defendant Presbyterian

*/s/ Michael R. Hoernlein*
Michael R. Hoernlein - For Defendant United

---

[2] For these reasons, Defendants do not at this time set forth potential witnesses, although they incorporate by reference the witnesses previously set forth in the parties' February 22, 2021 Joint Status Report and reserve the right to identify additional witnesses at a future time.