# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, *ex rel.*
*Jacob Kuriyan* and STATE OF NEW MEXICO,
*ex rel. Jacob Kuriyan*,

      Plaintiffs,

vs.                                  No. CIV 16-1148 JB/KK

HCSC INSURANCE SERVICES CO., *doing*
*business as* BLUE CROSS & BLUE SHIELD
OF NEW MEXICO; MOLINA HEALTHCARE
OF NEW MEXICO, INC.; PRESBYTERIAN
HEALTH PLAN, INC. and
UNITEDHEALTHCARE OF NEW MEXICO,
INC.,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) its Memorandum Opinion and Order, 2020 WL 5998603, filed December 20, 2021 (Doc. 216)("MOO"); and (ii) the February 22, 2022, Hearing, <u>see</u> Clerk's Minutes, filed February 22, 2022 (Doc. 248). The primary issue is what Plaintiff/Relator Dr. Jacob Kuriyan must prove to be entitled to an alternate-remedy award under the False Claims Act, 31 U.S.C. § 3730(c)(5)("FCA"), the New Mexico Fraud Against Taxpayers Act, N.M.S.A. §§ 44-9-1 through 44-9-14 ("NMFATA"), and the New Mexico Medicaid False Claim Act, N.M.S.A. §§ 27-14-1 through 27-14-15 ("NMMFCA"). The Court concludes that, before Dr. Kuriyan is entitled to an alternate-remedy award under the FCA or the NMFATA, although he does not need to prove that Defendants HCSC Insurance Services Co., d/b/a Blue Cross & Blue Shield of New Mexico ("Blue Cross"), Molina Healthcare of New Mexico, Inc. ("Molina Healthcare"), Presbyterian Health Plan, Inc. ("Presbyterian Health"), and

UnitedHealthcare of New Mexico, Inc. ("UnitedHealthcare"(collectively "Defendant MCOs"), all

Medicaid Managed Healthcare Organizations ("MCOs"),[1] committed fraud or acted fraudulently,

Dr. Kuriyan must show that the New Mexico Human Services Department's ("HSD") recoupment

was for the same fraud or falsity that the FCA and the NMFATA recognize, and that HSD used on

Dr. Kuriyan's information to recoup the funds at issue from the MCOs.  See MOO at 942021 WL

5998603, at *42; United States ex rel. Kennedy v. Novo A/S et al., 5 F.4th 47, 456, 58 (D.C. Cir.

2021)).

      In the MOO, the Court states:

> Because the Court concludes that the reasoning of the Honorable Patricia
> Millett, United States Circuit Judge for the United States Court of Appeals for the
> D.C. Circuit, is persuasive, Dr. Kuriyan can succeed only if HSD's remedy was the
> "type of false or fraudulent claims that the False Claims Act recognizes and for
> which a *qui tam* action could have been litigated." United States ex rel. Kennedy
> v. Novo A/S, 5 F.4th at 58.  In United States ex rel. Kennedy v. Novo A/C, Judge
> Millett did not consider, however, what "the consequences (if any) would be were
> the government to use a relator's information in a separate proceeding without
> fairly compensating the relator in the *qui tam* action." United States ex rel.
> Kennedy v. Novo A/S, 5 F.4th at 58.  Although the Court agrees with Judge
> Millett's reasoning and conclusion in United States ex rel. Kennedy v. Novo A/S,
> Judge Millett creates work for district courts.  To decide if a Government's remedy
> is an "alternate remedy" for 31 U.S.C. § 3730(c)(5)'s purposes, a court must make
> a judgment about the remedy's substance.  A court must decide if it if is a false or
> fraudulent claim that could fall within the FCA's scope.  If a court already has
> resolved the factual disputes, the analysis is straightforward.  If, however, as here,
> the Government already has recovered without compensating the relator -- and the

---

[1] MCOs are organizations that contract with State Medicaid agencies to deliver Managed Care. See Managed Care, www.Medicaid.gov, https://www.medicaid.gov/medicaid/managed-care/index.html (last visited November 15, 2021).  Managed Care is a "health care delivery system organized to manage cost, utilization, and quality," where the MCOs "set per member per month (capitation) payment for these services." Managed Care, www.Medicaid.gov, https://www.medicaid.gov/medicaid/managed-care/index.html (last visited November 15, 2021). "By contracting with various types of MCOs to deliver Medicaid program health care services to their beneficiaries, states can reduce Medicaid program costs and better manage utilization of health services. Improvement in health plan performance, health care quality, and outcomes are key objectives of Medicaid managed care." Managed Care, www.Medicaid.gov, https://www.medicaid.gov/medicaid/managed-care/index.html (last visited November 15, 2021).

parties dispute whether the Government relied on the relator's information to recover but disclaim a factual dispute -- then a court must decide whether surviving a motion to dismiss under rule 12(b)(6) means that the action is a false or fraudulent claim that could fall within the FCA's scope, and, therefore, that the relator is entitled to a share of the recovery.

MOO at 105, 2021 WL 5998603, at *46. In the MOO, the Court notes that, here, the parties dispute "whether HSD recouped funds from the Defendant MCOs after Dr. Kuriyan alerted HSD that the Defendant MCOs were acting fraudulently, or whether the Defendant MCOs did not act fraudulently and HSD recouped funds pursuant to" the contract that the MCO Defendants have with HSD. MOO at 111, 2021 WL 5998603, at *49. As a result, the Court concludes that Dr. Kuriyan is not entitled to an alternate-remedy award under the FCA or the NMFATA unless the HSD's recoupment was the "type[] of false or fraudulent claim that the False Claims Act recognized and for which a *qui tam* action could have been litigated." United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 58. The Court notes, however, that the language "could have been litigated" does not mean that pleading plausibly a claim upon which relief can be granted entitles a relator to an alternate-remedy award. United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 58. See MOO at 111, 2021 WL 5998603, at *49.

Under the FCA and, for the reasons stated in the MOO, the NMFATA, see MOO at 107-111, 2021 WL 5998603, at *45-49, an "alternative remedial proceedings from which a relator can recover a share must redress the same type of falsity and fraud claims that otherwise could be pursued by a private relator's *qui tam* lawsuit under" the FCA, United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 56. An alternate remedy can include, for example, "an administrative proceeding for the remediation of false or fraudulent money claims." United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 56. The "legal claims that the False Claims Act vests in the government are for 'violation[s] under section 3729.'" United States ex rel. Kennedy v. Novo A/S,

5 F.4th at 56 (quoting 31 U.S.C. § 3730(a)(alterations in <u>United States ex rel. Kennedy v. Novo A/S</u>).  To determine whether a government's recoupment was for the "type[] of false or fraudulent claim that the" FCA recognizes and "for which a *qui tam* action could have been litigated," <u>United States ex rel. Kennedy v. Novo A/S</u>, 5 F.4th at 58 (emphasis in original), therefore, the Court looks to 31 U.S.C. § 3729, <u>see</u> <u>United States ex rel. Kennedy v. Novo A/S</u>, 5 F.4th at 56.  In other words, the claim must not be "beyond the False Claims Act's Borders."  <u>United States ex rel. Kennedy v. Novo A/S</u>, 5 F.4th at 56.

This conclusion is consistent with the United States Court of Appeals for the District of Columbia Circuit's statement that a relator's alternate-remedy award must be for the "type[] of false or fraudulent claim that the False Claims Act recognized and for which a *qui tam* action could have been litigated," because, if a relator never alerts a government to behavior or events that may give rise to FCA liability, and the government later discovers the behavior or events on its own, then the government may choose to litigate an FCA claim.  <u>United States ex rel. Kennedy v. Novo A/S</u>, 5 F.4th at 58.  The government still would need to prove that the behavior or events are within 31 U.S.C. § 3729's scope -- that is, that the behavior or events are one of the "seven grounds of liability based on the use of falsity or fraud to obtain money or property in which the United States has a legal interest."  <u>United States ex rel. Kennedy v. Novo A/S</u>, 5 F.4th at 56.  By alerting the government, however, a relator may prevent the government from having to litigate such an action and relieve the government of having to prove that the behavior or events are within 31 U.S.C. § 3729's scope, because the government may elect to engage in an alternate remedy.

While a qui tam relator may bring a civil action only "for a violation of section 3729," Dr. Kuriyan does not need to prove that the Defendant MCOs acted fraudulently or violated § 3729. 31 U.S.C. § 3730(b)(1).  Requiring Dr. Kuriyan to prove that the Defendant MCOs acted

- 4 -

fraudulently or otherwise violated § 3729 would fly in the face of the FCA's text, because it would impose a requirement that there be a determination that the Defendant MCOs violated § 3729 *before* Dr. Kuriyan brought a qui tam suit alleging that the Defendant MCOs violated § 3729. Moreover, the existence of the contract between HSD and the Defendant MCOs, at least in part, is designed to subvert this problem.  The contract gives HSD a way to recoup money from the Defendant MCOs without an administrative remedy or a suit under 31 U.S.C. § 3730(a).  If Dr. Kuriyan's version of events is correct, therefore, then his information disbands the need to prove -- or even allege -- that the Defendant MCOs violated § 3729.  By recouping funds from the MCOs, however, HSD acknowledged that it overpaid the Defendant MCOs.  There is, therefore, no need for Dr. Kuriyan to prove that the Defendant MCOs violated § 3729 to be entitled to an alternate-remedy award.[2]

Nevertheless, the FCA and the NMFATA impose on relators seeking an alternate-remedy award, like Dr. Kuriyan, an obligation to show that the alternate remedy is for the "type[] of false

---

[2]Although Dr. Kuriyan pleads fraud under the FCA and the NMFATA, Dr. Kuriyan does not need to prove that the Defendant MCOs acted fraudulently to be entitled to an award from alternate remedy.  See Plaintiff/Relator Jacob Kuriyan's Third Amended Complaint, filed October 1, 2020 (Doc. 142), ¶¶ 106-132, at 29-37.  Because HSD recouped the funds at issue from the Defendant MCOs, Dr. Kuriyan would have difficulty showing that the Defendant MCOs "knowingly" retained the overpayments. 31 U.S.C. § 3729(b)(1).  Nevertheless, if Dr. Kuriyan's version of the facts is correct, then, had he never alerted HSD to the overpayments, the Defendant MCOs would likely have "knowingly" retained the overpayments, as the FCA defines that term. 31 U.S.C. § 3729(b)(1).  The D.C. Circuit's "type[] of false or fraudulent claims" language, therefore, must be read in this context.  United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 58.  If Dr. Kuriyan's version of the facts is correct, then HSD's recoupment was to *prevent* the Defendant MCOs from knowingly retaining the funds, which may have ripened into fraud under 31 U.S.C. § 3729, and, therefore, the recoupment is an alternate remedy under the FCA and under the NMFATA.  Consequently, requiring Dr. Kuriyan to prove that the Defendant MCOs acted fraudulently would impose on Dr. Kuriyan an obligation to prove something that his conduct allegedly may have prevented.  This requirement is not consistent with the FCA's purposes or NMFATA's purposes, nor is it consistent with the D.C. Circuit's conclusion in United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 58.

or fraudulent claims that the False Claim Act recognizes and for which a *qui tam* action could have been litigated."   United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 58.   In other words, for example, Dr. Kuriyan must show that, had he not alerted HSD of the alleged overpayments, the Defendants MCOs would have had "possession, custody, or control of property or money used, or to be used, by the Government" but that the Defendant MCOs "knowingly deliver[ed], or caus[ed] to be delivered, less than all of that money or property."   31 U.S.C. § 3729(a)(1)(D).   This conclusion is consistent with the parties' dispute whether "HSD would have sought recoupment without Dr. Kuriyan's notice."   MOO at 104, 2021 WL 5998603, at *41.   If the recoupment process was pursuant to the contract's terms -- and HSD did not need or rely on Dr. Kuriyan's information -- then HSD was recouping the funds no matter what Dr. Kuriyan told them, meaning that the Defendant MCOs did not violate 31 U.S.C. § 3729.   If HSD relied on Dr. Kuriyan's information to recoup the funds -- if the "government . . . [used the] relator's information in separate proceeding without fairly compensating the relator" -- then Dr. Kuriyan's actions prevented the Defendant MCOs from violating 31 U.S.C. § 3729 by ensuring HSD would recover the funds. United States ex rel. Kennedy v. Novo A/S, 5 F.4th at 58.   Moreover, this conclusion is consistent with the original-source requirement that, to recover, a qui tam relator must "bring something to the table that would add value for the government," United States ex rel. Maur v. Hage-Korban, 981 F.3d 516 (6th Cir. 2020), and other courts' broad FCA interpretations, namely reading "any alternate remedy" to "mean what it says," United States ex rel. Barajas v. United States, 258 F.3d 1004, 1012 (9th Cir. 2001).   See MOO at 102-103.

The Court concludes, therefore, that, to be entitled to a fee award from an alternate remedy, Dr. Kuriyan does not need to prove that the Defendant MCOs committed fraud or acted fraudulently.   Rather, Dr. Kuriyan must show that, when he alerted HSD to the alleged

overpayments to the Defendant MCOs in 2015, the Defendant MCOs were engaged in conduct that, without Dr. Kuriyan's information, would have ripened into fraudulent retention of overpayments.  In other words, Dr. Kuriyan must demonstrate that he brought information to HSD's attention upon which HSD subsequently relied to recoup funds from the Defendant MCOs. Dr. Kuriyan does not need to prove that HSD would not have recouped the funds but for his actions, because Dr. Kuriyan does not need to demonstrate that no other potential relator could have done the same thing that Dr. Kuriyan allegedly did.  Rather, if Dr. Kuriyan shows that his actions or information prompted HSD to begin the recoupment process, and that HSD relied on Dr. Kuriyan's actions or information when recouping overpayments, then HSD's recoupment is an alternate remedy as the FCA and the NMFATA use that term, and Dr. Kuriyan is entitled to an award from alternate remedy.

On the other hand, if HSD's recoupment process had already begun or was about to begin when Dr. Kuriyan came to HSD in 2015, and if HSD already knew about the overpayments when Dr. Kuriyan presented his analysis to HSD, then HSD's recoupment is not an alternate remedy as the FCA and the NMFATA use that term, and Dr. Kuriyan is not entitled to an award from alternate remedy.  In other words, if Dr. Kuriyan's actions or information made no impact on HSD's recoupment process -- if Dr. Kuriyan provided nothing of value to HSD -- then HSD's recoupment is not an alternate remedy.  Moreover, because HSD recouped the funds at issue from the Defendant MCOs, Dr. Kuriyan would be hard-pressed to prove fraud, because the Defendant MCOs no longer possess the funds and, if Dr. Kuriyan's facts are correct, Dr. Kuriyan's actions prevented the Defendant MCOs from knowingly retaining the overpayments.  Further, requiring Dr. Kuriyan to prove that the Defendant MCOs committed fraud or acted fraudulently would demolish a potential relator's incentives to come forward, and alert the State of possible

overpayments or fraud, because the State could use the information to prevent reckless retention of overpayments, thus foreclosing the possibility of fraud.  That requirement is not consistent with the FCA or the NMFATA.

      **IT IS ORDERED** that, before Relator Dr. Jacob Kuriyan is entitled to a fee award from an alternate remedy under the False Claims Act, 31 U.S.C. § 3730(c)(5), the New Mexico Fraud Against Taxpayers Act, N.M.S.A. §§ 44-9-1 through 44-9-14, and the New Mexico Medicaid False Claim Act, N.M.S.A. §§ 27-14-1 through 27-14-15, although he does not need to prove that Defendants HCSC Insurance Services Co., d/b/a Blue Cross & Blue Shield of New Mexico, Molina Healthcare of New Mexico, Inc., Presbyterian Health Plan, Inc., and UnitedHealthcare of New Mexico, Inc., all Medicaid Managed Healthcare Organizations, committed fraud or acted fraudulently, Dr. Kuriyan must show that that the New Mexico Human Services Department's recoupment was for, or was to prevent, the same type of fraud or falsity that the FCA and the NMFATA recognize, as defined in 31 U.S.C. § 3729 and N.M.S.A. § 44-9-3, respectively, and that New Mexico Human Services Department used Dr. Kuriyan's information to recoup the funds at issue from the Defendant MCOs.

 

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert L. Lieff
San Francisco, California

-- and --

Bryan J. Davis

Davis & Gilchrist, P.C.
Albuquerque, New Mexico

-- and --

Sam Bregman
Bregman & Loman, P.C.
Albuquerque, New Mexico

-- and --

Joel Androphy
Janis G. Gorton
Berg & Androphy
Houston, Texas

     *Attorneys for the Plaintiff*

Fred J. Federici
  Acting United States Attorney
Ruth F. Keegan
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the United States of America*

Hector H. Balderas
  New Mexico Attorney General
Zachary Shandler
  Assistant Attorney General
New Mexico Office of the Attorney General

     *Attorneys for the State of New Mexico*

Benjamin E. Thomas
Christina M. Gooch
Sutin, Thayer & Browne
Albuquerque, New Mexico

-- and --

Edwin E. Brooks
Kathryn A. Campbell
Sarah I. Rasid
McGuire Woods, LLP

Chicago, Illinois

-- and --

Steven Hamilton
Jason T. Mayer
Reed Smith, LLP
Chicago, Illinois

*Attorneys for Defendant HCSC d/b/a Blue Cross & Blue Shield of New Mexico*

Gregory Marshall
Neanne Y Sohn
Snell & Wilmer L.L.P.
Albuquerque, New Mexico

-- and --

Sandra A. Brown
Snell & Wilmer L.L.P.
Phoenix, Arizona

-- and --

Steven Paul Ragland
Julia L. Allen
Simona Agnolucci
Maya Perelman
Keker, Van Nest & Peters, LLP
San Francisco, California

*Attorneys for Defendant Molina Healthcare of New Mexico, Inc.*

Kimberly N. Bell
Presbyterian Healthcare Services
Albuquerque, New Mexico

-- and --

Charles K. Purcell
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Presbyterian Health Plan, Inc.*

Robert E. Hanson

Matthew Eric Jackson
Peifer, Hanson, Mullins & Baker, P.A.
Albuquerque, New Mexico

-- and --

Mark T. Calloway
Michael R. Hoernlein
Alston & Bird, LLP
Charlotte, North Carolina

*Attorneys for Defendant UnitedHealthcare of New Mexico, Inc.*